**In re Noel K. BANGO, Petitioner.**

No. 09–4410.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. Jan. 28, 2010.

Opinion Filed: March 25, 2010.

Noel K. Bango, Bastrop, TX, pro se.

Ilana H. Eisenstein, Esq., Office of United States Attorney, Wilmington, DE, for United States of America.

US Atty. DE, Office of United States Attorney, Wilmington, DE, for Gregory M. Sleet.

Before: McKEE, RENDELL and CHAGARES, Circuit Judges.

## OPINION

PER CURIAM.

Noel Bango, a federal prisoner proceeding pro se, filed a petition for a writ of mandamus. For the reasons stated below, we will deny the petition.

Bango seeks to have Chief Judge Sleet, who presided over Bango's criminal matter, disqualified from presiding over any present or future civil or criminal proceedings involving him. Bango alleges that Chief Judge Sleet exhibited prejudice, bias, and partiality against him when he remanded Bango into custody and terminated his out-patient treatment. Bango believes that Chief Judge Sleet issued these rulings because Bango filed ineffective assistance of counsel motions against his court-appointed attorneys. Bango also alleges that, because he filed grievances against the prisons where he was housed and threatened to sue for "medical neglect, physical abuse, and [lockdown]," Chief Judge Sleet retaliated against him and sentenced him to 21 months' incarceration.[1]

The writ of mandamus is an extreme remedy that is granted only when there is no other remedy available to the petitioner and the petitioner's right to mandamus relief is clear and indisputable. *Kerr v. United States Dist. Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *In re Pasquariello*, 16 F.3d 525, 529 (3d Cir.1994). Mandamus may not be used as a substitute for the regular appeals process. *See In re Briscoe*, 448 F.3d 201, 212 (3d Cir.2006).

Litigants seeking to disqualify a judge may file a motion pursuant to 28 U.S.C. § 455 or 28 U.S.C. § 144.[2] However, claims of actual judicial bias pursuant to § 144 are not appropriate for mandamus. *Green v. Murphy*, 259 F.2d 591, 594 (3d Cir.1958) (en banc). Claims under 28 U.S.C. § 455(a) may be brought via mandamus. *See Alexander v. Primerica Holdings*, 10 F.3d 155, 163 (3d Cir.1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or impartiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

To the extent that Bango's claim falls under § 455, he has not shown that he is entitled to relief. Bango's petition rests on his disagreement with Chief Judge Sleet's rulings, and without more, he cannot show bias or impartiality. Moreover, nothing in the Bango's filing indicates that the Chief Judge is biased against him. Accordingly, mandamus relief is not appropriate. In addition, we will deny Bango's requests to (1) file his motion pursuant to 28 U.S.C. § 2255 in another federal district; (2) compel the District Court to rein-

---

1. Bango's appeal from his conviction and sentence is currently pending before this Court. (C.A. No. 09–3863).

2. Based on our review of the District Court's docket, it does not appear that Bango filed a motion seeking to disqualify Chief Judge Sleet pursuant to 28 U.S.C. § 455 or 28 U.S.C. § 144.

state his out-patient treatment; and (3) issue any further declaratory relief.